Case 4:18-cv-00759   Document 7   Filed on 05/11/18 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
May 15, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JULIA GOTTSELIG POFF,<br>  *Petitioner*,<br><br>v.<br><br>WARDEN SMITH,<br>  *Respondent*. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 4:18-CV-00759<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed under 28 U.S.C. § 2241 has been referred to this magistrate judge for report and recommendation. (Dkt. 3). The court recommends the petition be dismissed without prejudice.

**Background**

Julia Gottselig Poff is currently in detention awaiting trial on federal criminal charges. A detention hearing was held on November 16, 2017 and Poff was remanded to the custody of the Federal Detention Center-Houston.[1] Trial was initially set for January 8, 2018, but was rescheduled for April 2, 2018. On March 8, 2018, Poff filed this petition for habeas corpus.

Poff argues in the petition that her Constitutional right to a presumption of innocence has been violated, and that she is actually innocent. (Dkt. 1, p. 10). She claims her pre-trial detention is a cruel and unusual punishment because she is receiving inadequate medical care for her many medical issues, including fibromyalgia, rheumatoid arthritis, hypothyroidism, and lupus. (Dkt. 1, p. 11). She asks to be "confidentially

---

[1] *See United States v. Poff*, Cause No. 4:17-CR-00669-1, pending in the Southern District, Texas (Houston).

released on house arrest . . . to be able to obtain full medical attention as needed." (Dkt. 1, p. 14). After Poff filed this petition, a superseding indictment was filed. She was arraigned on the superseding indictment on April 4, 2018, and afterward remanded again to the custody of the U.S. marshals pending trial on November 12, 2018. Poff subsequently filed a letter with the court, on April 9, 2018 (Dkt. 3) re-urging her complaints, and further complaining of discrimination on the basis of a disability under the ADA.

Construing her petition most favorably to her, Poff brings three claims in this habeas proceeding: 1) her detention is unconstitutional because she is innocent; 2) the conditions of her confinement are cruel and unusual because she is not receiving medical treatment; 3) the conditions at the detention facility are discriminatory toward people with disabilities.

## Analysis

Under the Rules Governing Section 2254 Cases, a federal court must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ." 28 U.S.C. foll. § 2254, Rule 4. This rule, in the court's discretion, may be applied to habeas petitions brought pursuant to 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); *see also Boutwell v. Keating*, 399 F.3d 1203, 1211 FN2 (10th Cir. 2005). The court has reviewed this habeas

corpus petition in accordance with these provisions and recommends this action be summarily dismissed.

### A. Inadequate Medical Care and Discriminatory Conditions

Much of Plaintiff's petition and letter are devoted to describing the alleged failings of the Federal Detention Center to provide adequate medical care to her. Her letter also complains that the showers and phones available to her because of her inability to climb stairs are inadequate and create a discriminatory condition. A 42 U.S.C. § 1983 civil rights suit is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *Staten v. Garret*, 37 F. App'x 88 (5th Cir. 2002) (unpublished) (*citing Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997)). When a favorable ruling on Petitioner's claims would not "automatically entitle her to accelerated release, . . . the proper vehicle is a § 1983 suit." *Carson*, 112 F.3d at 820–21 (citations omitted). Because a habeas petition is not the correct vehicle to present a claim for lack of adequate medical care or discriminatory conditions, those claims should be dismissed without prejudice.[2]

### B. Term of Confinement

Petitioner seeks, in her request for relief, to be released from pretrial confinement. The court construes this to be a challenge to the detention orders in this case. The appropriate manner to challenge a magistrate judge's detention order is to appeal that order to the district court, and if unsuccessful, the Fifth Circuit Court of Appeals. 18 U.S.C. § 3145; *Fassler v. United States*, 858 F.2d 1016, 1017 (5th Cir. 1988) (stating that the preferred method to appeal pretrial detention was under § 3145, not through a habeas

---

[2] Petitioner further admits that she has not exhausted her administrative remedies. Other than sending an email to the warden, she has made no attempt to present her inadequate medical care claim administratively. (Dkt. 1, p. 6).

petition). Petitioner has not availed herself of her right under § 3145 to appeal the detention order to the district judge or to the Fifth Circuit. Because of that, her § 2241 petition should be dismissed, without prejudice.

Conclusion and Recommendation

For the reasons stated above, the court recommends that Poff's petition filed pursuant to 28 U.S.C. § 2241 be dismissed without prejudice to petitioner appealing her pretrial detention order under 18 U.S.C. § 3145, or contesting the conditions of her confinement in a § 1983 lawsuit.

Poff has not made a substantial showing that she was denied a constitutional right or that it is debatable whether this court is correct in a procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72.

Signed at Houston, Texas on May 11, 2018.

Stephen Wm Smith
United States Magistrate Judge